**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Muhammad Arshad Khan** | : |
| | : **NO. 25-** |
| v. | : |
| | : |
| **Khushbo Seemab** | : |
| | : |

# PETITION FOR RETURN OF CHILD AND PETITION FOR IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER TO RESPONDENT

The Convention on the Civil Aspects of International Child Abduction, done at the Hague On October 25, 1980; International Child Abduction Remedies Act, 42 U.S.C. 11601 et seq.

## I. Preamble

1. This Petition is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (hereinafter the "Convention"), a copy of which is attached hereto as Exhibit "A", and the International Child Abduction Remedies Act (hereinafter "ICARA"). The Convention came into effect in the United States of America on July 1, 1988 and was also ratified between the United States of America and Pakistan on October 1, 2020.

2. The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.

## II. Jurisdiction

3.  This Court has jurisdiction pursuant to 42 U.S.C. § 11603 (1995) and because this case involves the removal and retention of children under the age of sixteen from their habitual residence of Pakistan to the United States of America.

## III. Status of Petitioner and Children

4.  The Petitioner, Muhammad Arshad Khan ("Father") and the Respondent, Khushbo Seemab ("Mother") are the parents of two children, H.A.K., date of birth, ███████, and H.K, date of birth ███████ ("the children").

5.  The children are 9 and 6 years old. The Convention applies to cases where a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of the rights of custody of the Petitioner, which the Petitioner had been exercising at the time of the wrongful removal of the child.

6.  At the time of the wrongful removal (as specifically set forth in Part IV below), Father was actually exercising custody rights within the meaning of Articles Three and Five of the Convention, in that he is the father of the children and has exercised custody rights over his children since birth. Furthermore, the children have been habitual residents of Pakistan within the meaning of Article 3 of the Convention until their wrongful removal from Pakistan.

7.      On February 3, 2025, Father requested the return of the children to Pakistan pursuant to his Application for the Return of a Child Under the Hague Convention, a copy of which is attached hereto as Exhibit "B." The Request for Return has been filed with the United States Department of State and the Central Authority of the United States of America under the Convention.

### IV. Wrongful Removal and Retention of Child by Respondent

8.      Father has parental rights under the laws of Pakistan. A copy of the relevant law for guardians and wards is attached hereto as Exhibit "C." The removal of the child from Pakistan in violation of this law is a wrongful removal within the meaning of Article 3 of the Convention. Since removing the child, Mother has wrongfully retained the child in the United States of America.

9.      On October 25, 2024, while Father was working in Qatar, Mother took the children to the United States. It is believed that Mother first stayed in New Jersey and then later moved to Philadelphia, Pennsylvania.

10.     Father has never acquiesced or consented to the retention of the children outside of Pakistan. Father will provide proof at the time of trial evidencing his lack of consent and lack of acquiescence.

11.     Mother came to the United States on a tourist visa, which expired April 25, 2025. Father believes and therefore avers that Mother is now here illegally.

12. Mother and her family hid from Father the fact that Mother came to the United States in October 25, 2024. Father did not learn that Mother and the children came to the United States until the end of December 2024.

13. Father believes and therefore avers that Mother is working in the United States illegally.

## V. Provisional Remedies

14. Father requests that the Court issue forthwith a show cause order and direct that the order be served immediately on Mother and that she be directed to appear with the children promptly before this Court. Section 5(b) (Provisional Remedies) of ICARA provides, *inter alia*, that, in a proceeding under Section 4(b) for the return of a child, "no court exercising jurisdiction . . . may . . .order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. Section 11604. In this case, the State law referred to in Section 5(b) is that of Pennsylvania. In Pennsylvania, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) is the source for statutory law governing, *inter alia*, the resolution of both domestic and international child custody disputes. Pa. C.S.A. Section 5401 et. seq. Pennsylvania law addresses the appearance of the parties and the children in such cases in 23 Pa. C.S.A. 5430 of the UCCJEA. That section authorizes this Court to order the appearance of the children and custodian or custodians together. Id. This Court therefore has the authority to order the immediate appearance of Mother and the children together before this Court.

4

15.     Father requests, for the well-being of the child, that he be given immediate access to the children, pending further hearing in this Court.

16.     Pending further hearing in this Court, it is requested that this Court issue an immediate order prohibiting the removal of the children from the jurisdiction of this Court, taking into safe keeping all of the children's travel documents and setting an expedited hearing on the Petition for Return of Children to Petitioner.

## VII. Relief Requested

17.     **WHEREFORE**, Petitioner respectfully requests the following relief:

   a. an Order directing that the full legal names of the children be entered into the national police computer system (N.C.I.C.) missing person section;
   b. an Order directing a prompt return of the children to their habitual residence of Pakistan;
   c. the issuance of an Order directing that the children, together with Mother, be brought into this Court by any United States Marshall, federal officer or police officer;
   d. the issuance of an immediate Order prohibiting the removal of the children from the jurisdiction of this Court;
   e. an Order commanding Respondent, Khushbo Seemab, to appear in this Court with the children to show cause why the children have been kept from their father;
   f. an Order directing Respondent to pay Petitioner's legal costs and fees; and
   g. any such further relief as justice and its cause may require.

## VIII. Notice of Hearing

18.     Pursuant to 42 U.S.C. 11603 ( c), Petitioner and Respondent will be given notice of any hearing in accordance with the UCCJEA.

## IX. Fees and Costs Including Transportation Expenses Pursuant to Convention Article 26 and U.S.C. 11607

19.     Petitioner has incurred substantial expenses as a result of the wrongful removal and retention of the child by Respondent. Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and retention.

20.     Petitioner respectfully requests that this Court award all legal costs and fees incurred to date as required by 42 U.S.C. 11607, reserving jurisdiction over further expenses.

## X Declaration Pursuant to Uniform Child Custody Jurisdiction and Enforcement Act

21.     The details regarding Respondent that are required to be provided under the UCCJEA are as follows:

- The present address of Respondent is, House 32, Street #12, G13/3, Islamabad, Pakistan.

- For the past five years, the children have lived at the following addresses:
   - House 32, Street #12, G13/3, Islamabad, Pakistan. (26 Aug 2024 – 25 Oct 2024)
   - Villa 20, Street 829, Zone 31, Doha, Qatar. (22 Dec 2019 – 26 Aug 2024)

- Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the children or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with, the children.

Respectfully submitted,

ASTOR WEISS KAPLAN & MANDEL, LLP

BY: _____
JULIE A. AUERBACH, ESQUIRE
Attorney for Petitioner
Identification No. 65800
130 N. 18th Street, Suite 1500
Philadelphia, PA 19103
Phone (215) 893-4974
Fax (215) 790-0509

Dated: May 5, 2025