# EXHIBIT "C"



# THE GUARDIANS AND WARDS ACT, 1890



## CONTENTS

### CHAPTER I
### PRELIMINARY

1.    Title, extent and commencement.

2.    [Repealed.]

3.    Saving of jurisdiction of Courts of Wards and Chartered High Courts.

4.    Definitions.

4A.   Power to confer jurisdiction on subordinate judicial officers and to transfer proceedings to such officers.

### CHAPTER II
### APPOINTMENT AND DECLARATION
### OF GUARDIANS

5.    [Omitted.]

6.    Saving of power to appoint in other cases.

7.    Power of the Court to make order as to guardianship.

8.    Persons entitled to apply for order.

9.    Court having jurisdiction to entertain application.

10.   Form of application.

11.   Procedure on admission of application.

12.   Power to make interlocutory order of production of minor and interim protection of person and property.

13.   Hearing of evidence before making of order.

14.   Simultaneous proceedings in different Court.

15.   Appointment or declaration of several guardians.

16.   Appointment or declaration of guardian for property beyond jurisdiction of the Court.

17.   Matters to be considered by the Court in appointing guardian.

18.   Appointment or declaration of Collector in virtue of office.

19.   Guardian not to be appointed by the Court in certain cases.

**CHAPTER III**
**DUTIES, RIGHTS AND**
**LIABILITIES OF GUARDIANS**

20.   Fiduciary relation of guardian to ward.

21.   Capacity of minors to act as guardians.

22.   Remuneration of guardian.

23.   Control of Collector as guardian.

*Guardian of the person*

**Guardian of the Person**

24.   Duties of Guardian of the Person.

25.   Title of guardian to custody of ward.

**Guardian of the Property**

26.   Removal of ward from jurisdiction.

*Guardian of the property*

27.   Duties of Guardian of Property.

28.   Powers of testamentary guardian.

29.   Limitation of powers of guardian of property appointed or declared by the Court.

30.   Voidability of transfers made in contravention of section 28 or section 29.

31.    Practice with respect to permitting transfers under section 29.

32.    Variation of powers of guardian of property appointed or declared by the Court.

33.    Right of guardian so appointed or declared to apply to the Court for opinion in management of property of ward

34.    Obligations on guardian of property appointed or declared by the Court

34A.    Power to award remuneration for auditing accounts

35.    Suit against guardian where administration bond was taken

36.    Suit against guardian where administration bond was not taken

37.    General liability of guardian as trustee.

*Termination of Guardianship*

**Termination of Guardianship**

38.    Right of survivorship among joint guardians

39.    Removal of guardian

40.    Discharge of guardian

41.    Cessation of authority of guardian

42.    Appointment of successor to guardian dead, discharged or removed

**CHAPTER IV**
**SUPPLEMENTAL PROVISIONS**

43.    Orders for regulating conduct or proceedings of guardians, and enforcement of those orders

44.    Penalty for removal of ward from jurisdiction

45.    Penalty for contumacy

46.    Reports by Collectors and Subordinate Courts

47.    Orders appealable

48.    Finality of other orders

49.    Costs

50.    Power of High Court to make rules

51.    [ Omitted.]

52.    Repealed.

53.    Repealed.

**THE SCHEDULE. [Repealed]**



# THE GUARDIANS AND WARDS ACT, 1890

## [1] ACT No. VIII OF 1890

[21st March, 1890]

*An Act to consolidate and amend the law relating to Guardian and Ward.*

WHEREAS it is expedient to consolidate and amend the law relating to guardian and ward; It is hereby enacted as follows:—

## CHAPTER I
## PRELIMINARY

**1. Title, extent and commencement.**—(1) This Act may be called the Guardians and Wards Act, 1890.

[2] **[(2) It extends to the whole of Pakistan;] and**

(3) It shall come into force on the first day of July, 1890.

**2. [Repeal.]** Rep. by the Repealing Act, 1938 (I of 1938), s.2 and Schedule.

**3. Saving of jurisdiction of Courts of Wards and Chartered High Courts.** This Act shall be read subject to every enactment heretofore or hereafter passed relating to any Court of Wards by [3][any competent legislature, authority or person] in [4][Pakistan], and nothing in this Act shall be construed to affect, or in any way derogate from, the jurisdiction or authority of any Court of Wards, or to take away any power possessed by [5][any High Court [6][*      *      *].

**4. Definitions.** In this Act, unless there is something repugnant in the subject or context,—

(1) "minor" means a person who, under the provisions of the Majority Act, 1875 (IX of 1875), is to be deemed not to have attained his majority:

---

[1]For Statement of Objects and Reasons, see Gazette of India, 1886 Pt. V, p. 77; for Report of the Select Committee, see ibid., 1890, Pt. V, P. 77, and for Debates in Council, see ibid., 1886, Supplement, pp. 419 and 666, and ibid., 1890, Pt. VI, pp. 33 and 45.

This Act has been applied to Phulera in the Excluded Area of Upper Tanawal to the extent the Act is applicable in the N.W.F.P, subject to certain modifications and; also extended to the Excluded Area of Upper Tanawal (N.W.F.P.) other than Phulera with effect from such date and subject to such modifications as may be notified, see N. W.F.P. (Upper Tanawal) (Excluded Area) Laws Regulation, 1950.

Extended to the Leased Areas of Baluchistan, see the Leased Areas (Laws) Order, 1950 (G.G.O. 3 of 1950); and applied in the Federated Areas of Baluchistan, see Gazette of India, 1937, Pt. I, p. 1499.

Extended to the Baluchistan States Union by the Baluchistan States Union (Federal Laws) (Extension) Order, 1953 (G.G.O. 4 of 1953), as amended.

Extended to the Khairpur State by the Khairpur (Federal Laws) (Extension) Order, 1953 (G.G.O. 5 of 1953), as amended.

The Act has been and shall be deemed to has been brought into force in Gwadur with effect from the 8th September, 1958, by the Gwadur (Application of Central Laws) Ordinance, 1960 (37 of 1960), s. 2.

The Act, as in force in the North—West Frontier Province immediately before the commencement of N.W.F.P. Regulation No. II of 1974, has been applied to the Provincially Administered Tribal Areas of Chitral, Dir, Kalam, Swat and Malakand Protected Area, by N.W.F.P. Regulation, No. II of 1974, s. 3.

[2]Subs. by the Central Laws (Statute Reform) Ordinance, 1960 (21 of 1960), s. 3 and 2nd Sch. (with effect from the 14th October, 1955), for the existing sub-section (2), which was amended by the Burma Laws Act, 1898 (13 of 1898), s. 18 and Sch. V, A.O., 1949, Arts. 3 (2) and 4, and the Federal Laws (Revision and Declaration) Act, 1951 (26 of 1951), s. 8.

[3]Subs. by A.O., 1937, for "the G. G. in C. or by a Governor or Lieutenant-Governor in Council".

[4]Subs. by Ord. 21 of 1960, s. 3 and 2nd Sch. (with effect from the 14th October, 1955), for "the Provinces and the Capital of the Federation", which had been subs. by A.O., 1949, Arts. 3(2) and 4, for "British India."

[5]Subs. by A.O., 1937, for "any High Court established under the Statute 24 and 25 Vict, c. 104 (an Act for establishing High Courts of Judicature in India)".

[6]The words "established in [the Provinces and the Capital of the Federation] by Letters Patent" omitted by Ord. 21 of 1960, s. 3 and 2nd Sch. (with effect from the 14th October, 1955). The words in crotchets were subs. by A. O., 1949, Arts. 3(2) and 4, for "British India.".

(2)    "guardian" means a person having the care of the person of a minor or of his property, or of both his person and property:

(3)    "ward" means a minor for whose person or property, or both, there is a guardian;

(4)    "District Court" has the meaning assigned to that expression in the [1][Code of Civil Procedure, 1908] (Act V of 1908) and includes a High Court in the exercise of its ordinary original civil jurisdiction:

[2][(5)    "the Court" means:—

    (a)    the District Court having jurisdiction to entertain an application under this Act for an order appointing or declaring a person to be a guardian; or

    (b)    where a guardian has been appointed or declared in pursuance of any such application—

        (i)    the Court which, or the Court of the Officer who, appointed or declared the guardian or is under this Act deemed to have appointed or declared the guardian; or

        (ii)    in any matter relating to the person of the ward the District Court having jurisdiction in the place where the ward for the time being ordinarily resides; or

    (c)    in respect of any proceeding transferred under section 4A, the Court of the officer to whom such proceeding has been transferred.]

(6)    "Collector" means the chief officer in charge of the revenue-administration of a district, and includes any officer whom the [3][Provincial Government], by notification in the official Gazette, may, by name or in virtue of his Office, appoint to be a Collector in any local area, or with respect to any class of persons, for all or any of the purposes of this Act:

[4][7*      *      *      *      *      *]

(8)    "prescribed" means prescribed by rules made by the High Court under this Act.

[5][**4A. Power to confer jurisdiction on subordinate judicial officers and to transfer proceedings to such officers.**—(1) The High Court may, by general or special order, empower any officer exercising original civil jurisdiction sub—ordinate to a District Court, or authorise the Judge of any District Court to empower any such officer subordinate to him, to dispose of any proceedings under this Act transferred to such officer under the provisions of this section.

(2) The Judge of a District Court may, by order in writing, transfer at any stage any proceeding under this Act pending in his Court for disposal to any officer subordinate to him empowered under sub-section (1).

---

[1]Subs. by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch., for "Code of Civil Procedure".
[2]Subs. by the Guardians and Wards (Amdt.) Act, 1926 (4 of 1926), s. 3, for the original cl. (5).
[3]Subs. by A.O., 1937, for "L.G.".
[4]Omitted by the Federal Laws (Revision and Declaration) Ordnance, 1981 (27 of1981), s. 3 and 2nd Sch.
[5]S. 4A ins. by the Guardians and Wards (Amdt.) Act, 1926 (4 of 1926), s. 2.

(3) The Judge of a District Court may at any stage transfer to his own Court or to any officer subordinate to him empowered under sub-section (1) any proceeding under this Act pending in the Court of any other such officer.

(4) When any proceedings are transferred under this section in any case in which a guardian has been appointed or declared, the Judge of the District Court may, by order in writing, declare that the Court of the Judge or officer to whom they are transferred shall, for all or any of the purposes of this Act, be deemed to be the Court which appointed or declared the guardian.]

## CHAPTER II
## APPOINTMENT AND DECLARATION
## OF GUARDIANS

**5. [Power of parents to appoint in case of European British subjects.]** Omitted by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch.

**6. Saving of power to appoint in other cases.—** In the case of a minor who is not an European British subject, nothing in this Act shall be construed to take away or derogate from any power to appoint a guardian of his person or property, or both, which is valid by the law to which the minor is subject.

**7. Power of the Court to make order as to guardianship.—**(1) Where the Court is satisfied that it is for the welfare of a minor that an order should be made—

> (a)    appointing a guardian of his person or property, or both, or

> (b)    declaring a person to be such a guardian, the Court may make an order accordingly.

(2) An order under this section shall imply the removal of any guardian who has not been appointed by will or other instrument or appointed or declared by the Court.

(3) Where a guardian has been appointed by will or other instrument or appointed or declared by the Court, an order under this section appointing or declaring another person to be guardian in his stead shall not be made until the powers of the guardian appointed or declared as aforesaid have ceased under the provisions of this Act.

**8. Persons entitled to apply for order.** An order shall not be made under the last foregoing section except on the application of—

> (a)    the person desirous of being, or claiming to be, the guardian of the minor, or

> (b)    any relative or friend of the minor, or

> (c)    the Collector of the district or other local area within which the minor ordinarily resides or in which he has property, or

> (d)    the Collector having authority with respect to the class to which the minor belongs.

**9. Court having jurisdiction to entertain application.—**(1) If the application is with respect to the guardianship of the person of the minor, it shall be made to the District Court having jurisdiction in the place where the minor ordinarily rersides.

(2) If the application is with respect to the guardianship of the property of the minor, it may be made either to the District Court having jurisdiction in the place where the minor ordinarily resides or to a District Court having jurisdiction in a place where he has property.

(3) If an application with respect to the guardianship of the property of a minor is made to a District Court other than that having jurisdiction in the place where the minor ordinarily resides, the Court may return the application if in its opinion the application would be disposed of more justly or conveniently by any other District Court having jurisdiction.

**10. Form of application.**—(1) If the application is not made by the Collector, it shall be by petition signed and verified in manner prescribed by the [1][Code of Civil Procedure,1908] (Act V of 1908) for the signing and verification of a plaint, and stating, so far as can be ascertained,—

      (a)     the name, sex, religion, date of birth and ordinary residence of the minor;

      (b)     where the minor is a female, whether she is married, and, if so, the name and age of her husband;

      (c)     the nature, situation and approximate value of the property, if any, of the minor;

      (d)     the name and residence of the person having the custody or possession of the person or property of the minor;

      (e)     what near relations the minor has, and where they reside;

      (f)     whether a guardian of the person or property, or both, of the minor has been appointed by any person entitled or claiming to be entitled by the law to which the minor is subject to make such an appointment;

      (g)     whether an application has at any time been made to the Court or to any other Court with respect to the guardianship of the person or property, or both, of the minor, and, if so, when, to what Court and with what result ;

      (h)     whether the application is for the appointment or declaration of a guardian of the person of the minor, or of his property, or of both;

      (i)     where the application is to appoint a guardian, the qualifications of the proposed guardian;

      (j)     where the application is to declare a person to be a   guardian, the grounds on which that person claims;

      (k)     the causes which have led to the making of the application; and

      (I)     such other particulars, if any, as may be prescribed or as the nature of the application renders it necessary to state.

(2) If the application is made by the Collector, it shall be by letter addressed to the Court and forwarded by post or in such other manner as may be found convenient, and shall state as far as possible the particulars mentioned in sub-section (1).

(3) The application must be accompanied by a declaration of the willingness of the proposed guardian to act and the declaration must be signed by him and attested by at least two witnesses.

---

[1]Subs. by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch. for "Code of Civil Procedure."

**11. Procedure on admission of application.**—(1) If the Court is satisfied that there is ground for proceeding on the application, it shall fix a day for the hearing thereof and cause notice of the application and of the date fixed for the hearing—

    (a)    to be served in the manner directed in the [1][Code of Civil Procedure, 1908], (Act V of 1908) on—

        (i)    the parents of the minor if they are residing in [2][Pakistan],

        (ii)    the person, if any, named in the petition or letter as having the custody or possession of the person or property of the minor,

        (iii)    the person proposed in the application letter to be appointed or declared guardian, unless that person is himself the applicant, and

        (iv)    any other person to whom, in the opinion of the Court, special notice of the application should be given; and

    (b)    to be posted on some conspicuous part of the courthouse, and of the residence of the minor, and otherwise published in such manner as the Court, subject to any rules made by the High Court under this Act, thinks fit.

(2) The [3][Provincial Government] may, by general or special order, require that, when any part of the property described in a petition under section 10, sub-section (1), is land of which a Court of Wards could assume the superintendence, the Court shall also cause a notice as aforesaid to be served on the Collector in whose district the minor ordinarily resides, and on every Collector in whose district any portion of the land is situate, and the Collector may cause the notice to be published in any manner he deems fit.

(3) No charge shall be made by the Court or the Collector for the service or publication of any notice served or published under sub-section (2).

**12. Power to make interlocutory order of production of minor and interim protection of person and property.**—(1) The Court may direct that the person, if any, having the custody of the minor shall produce him or cause him to be produced at such place and time and before such person as it appoints, and may make such order for the temporary custody and protection of the person or property of the minor as it thinks proper.

(2) If the minor is a female who ought not to be compelled to appear in public, the direction under sub-section (1) for her production shall require her to be produced in accordance with the customs and manners of the country.

(3) Nothing in this section shall authorise—

    (a)    the Court to place a female minor in the temporary custody of a person claiming to be her guardian on the ground of his being her husband, unless she is already in his custody with the consent of her parents, if any,

---

[1]Subs. by the Federal Laws (Revision and Declaration) Ordinance, 1981, (27 of 1981), s. 3 and 2nd Sch., for "Code of Civil Procedure".
[2]Subs. by the Central Laws (Statute Reform) Ordinance, 1960 (21 of 1960), s. 3 and 2nd Sch. (with effect from the 14th October, 1955), for "the Provinces and the Capital of the Federation" which had been subs. by A. O., 1949, Arts. 3 (2) and 4, for "British India".
[3]Subs. by A.O., 1937, for "L.G.".

    (b)    any person to whom the temporary custody and protection of the property of a minor is entrusted to dispossess otherwise than by due course of law any person in possession of any of the property.

**13. Hearing of evidence before making of order.** On the day fixed for the hearing of the application, or as soon afterwards as may be, the Court shall hear such evidence as may be adduced in support of or in opposition to the application.

**14. Simultaneous proceedings in different Court.**—(1) If proceedings for the appointment or declaration of a guardian of a minor are taken in more Courts than one, each of those Courts shall, on being apprised of the proceedings in the other Court or Courts, stay the proceedings before itself.

(2) If the Courts are both or all subordinate to the same High Court, they shall report the case to the High Court, and the High Court shall determine in which of the Courts the proceedings with respect to the appointment or declaration of a guardian of the minor shall be had.

[1][(3) In any other case in which proceedings are stayed under sub-section (1), the Courts shall report the case to, and be guided by such orders as they may receive from, their respective Provincial Governments.]

**15. Appointment or declaration of several guardians.**—(1) If the law to which the minor is subject admits of his having two or more joint guardians of his person or property, or both, the Court may, if it thinks fit, appoint or declare them.

[2][2 *         *         *         *         *]

(3) Separate guardians may be appointed or declared of the person and of the property of a minor.

(4) If a minor has several properties. Court may, if it thinks fit, appoint or declare a separate guardian for any one or more of the properties.

**16. Appointment or declaration of guardian for property beyond jurisdiction of the Court.** If the Court appoints or declares a guardian for any property situate beyond the local limits of its jurisdiction, the Court having jurisdiction in the place where the property is situate shall, on production of a certified copy of the order appointing or declaring the guardian, accept him as duly appointed or declared and give effect to the order.

**17. Matters to be considered by the Court in appointing guardian.**—(1) In appointing or declaring the guardian of a minor, the Court shall, subject to the provisions of this section, be guided by what, consistently with the law to which the minor is subject, appears in the circumstances to be for the welfare of the minor.

(2) In considering what will be for the welfare of the minor, the Court shall have regard to the age, sex and religion of the minor, the character and capacity of the proposed guardian and his nearness of kin to the minor, the wishes, if any, of a deceased parent, and any existing or previous relations of the proposed guardian with the minor or his property.

(3) If the minor is old enough to form an intelligent preference, the Court may consider that preference.

---

[1] Subs. by A.O., 1937, for the original sub-section (3).
[2] Omitted by the Federal Laws (Revision and Declaration) Ordinance 1981 (27 of 1981), s. 3 and 2nd Sch.

[1]4    *    *    *    *    *    *

(5) The Court shall not appoint or declare any person to be a guardian against his will.

**18. Appointment or declaration of Collector in virtue of office.** Where a Collector is appointed or declared by the Court in virtue of his office to be guardian of the person or property, or both, of a minor, the order appointing or declaring him shall be deemed to authorise and require the person for the time being holding the office to act as guardian of the minor with respect to his person or property, or both, as the case may be.

**19. Guardian not to be appointed by the Court in certain cases.** Nothing in this Chapter shall authorise the Court to appoint or declare a guardian of the property of a minor whose property is under the superintendence of a Court of Wards, or to appoint or declare a guardian of the person—

      (a)    of a minor who is a married female and whose husband is not, in the opinion of the Court, unfit to be guardian of her person, or

      (b)    [1]*** of a minor whose father is living and is not, in the opinion of the Court, unfit to be guardian of the person of the minor, or

      (c)    of a minor whose property is under the superintendence of a Court of Wards competent to appoint a guardian of the person of the minor.

## CHAPTER III
## DUTIES, RIGHTS AND LIABILITIES
## OF GUARDIANS

### General

**20. Fiduciary relation of guardian to ward.**—(1) A guardian stands in a fiduciary relation to his ward, and, save as provided by the will or other instrument, if any, by which he was appointed, or by this Act, he must not make any profit out of his office.

(2) The fiduciary relation of a guardian to his ward extends to and affects purchases by the guardian of the property of the ward, and by the ward of the property of the guardian, immediately or soon after the ward has ceased to be a minor, and generally all transactions between them while the influence of the guardian still lasts or is recent.

**21. Capacity of minors to act as guardians.** A minor is incompetent to act as guardian of any minor except his own wife or child or, where he is the managing member of an undivided Hindu family, the wife or child of another minor member of that family.

**22. Remuneration of guardian.**—(1) A guardian appointed or declared by the Court shall be entitled to such allowance, if any, as the Court thinks fit for his care and pains in the execution of his duties.

(2) When an officer of Government, as such officer, is so appointed or declared to be guardian, such fees shall be paid to the Government out of the property of the ward as the [2][provincial Government], by general or special order, directs.

---

[1] Omitted by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch.

[2] Subs. by A.O., 1937, for "L. G.".

**23. Control of Collector as guardian.** A Collector appointed or declared by the Court to be guardian of the person or property, or both, of a minor shall, in all matters connected with the guardianship of his ward, be subject to the control of the [1][provincial Government] or of such authority as that Government, by [2]notification in the official Gazette, appoints in this behalf.

Guardian of the Person

**24. Duties of guardian of the person.** A guardian of the person of a ward is charged with the custody of the ward and must look to his support, health and education and such other matters as the law to which the ward is subject requires.

**25. Title of guardian to custody of ward.**—(1) If a ward leaves or is removed from the custody of a guardian of his person, the Court, if it is of opinion that it will be for the welfare of the ward to return to the custody of his guardian, may make an order for his return, and for the purpose of enforcing the order may cause the ward to be arrested and to be delivered into the custody of the guardian.

(2) For the purpose of arresting the ward, the Court may exercise the power conferred on a Magistrate of the first class by section 100 of the [3][Code of Criminal Procedure, 1898] (Act V of 1898).

(3) The residence of a ward against the will of his guardian with a person who is not his guardian does not of itself terminate the guardianship.

**26. Removal of ward from jurisdiction.**—(1) A guardian of the person appointed or declared by the Court, unless he is the Collector or is a guardian appointed by will or other instrument, shall not, without the leave of the Court by which he was appointed or declared, remove the ward from the limits of its jurisdiction except for such purposes as may be prescribed.

(2) The leave granted by the Court under sub-section (1) may be special or general, and may be defined by the order granting it.

Guardian of Property

**27. Duties of guardian of property.** A guardian of the property of a ward is bound to deal therewith as carefully as a man of ordinary prudence would deal with it if it were his own, and, subject to the provisions of this Chapter, he may do all acts which are reasonable and proper for the realisation, protection or benefit of the property.

**28. Powers of testamentary guardian.** Where a guardian has been appointed by will or other instrument, his power to mortgage or charge, or transfer by sale, gift, exchange or otherwise, immoveable property belonging to his ward is subject to any restriction which may be imposed by the instrument, unless he has under this Act been declared guardian and the Court which made the declaration permits him by an order in writing, notwithstanding the restriction, to dispose of any immoveable property specified in the order in a manner permitted by the order.

---

[1]Subs. by A.O., 1937, for "L. G.".
[2]For notification appointing authorities to whose control collectors appointed under the act shall be subject, see different local R& O.
[3]Subs. by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch., for "Code of Civil Procedure, 1882.".

**29. Limitation of powers of guardian of property appointed or declared by the Court.** Where a person other than a Collector, or than a guardian appointed by will or other instrument, has been appointed or declared by the Court to be guardian of the property of a ward, he shall not, without the previous permission of the Court,—

    (a)    mortgage or charge, or transfer by sale, gift, exchange or otherwise, any part of the immoveable property of his ward, or

    (b)    lease any part of that property for a term exceeding five years or for any term extending more than one year beyond the date on which the ward will cease to be a minor.

**30. Voidability of transfers made in contravention of section 28 or section 29.** A disposal of immoveable property by a guardian in contravention of either of the two last foregoing sections is voidable at the instance of any other person affected thereby.

**31. Practice with respect to permitting transfers under section 29.**—(1) Permission to the guardian to do any of the acts mentioned in section 29 shall not be granted by the Court except in case of necessity or for an evident advantage to the ward.

(2) The order granting the permission shall recite the necessity or advantage, as the case may be, describe the property with respect to which the act permitted is to be done, and specify such conditions, if any, as the Court may see fit to attach to the permission; and it shall be recorded, dated and signed by the Judge of the Court with his own hand, or when from any cause he is prevented from recording the order with his own hand, shall be taken down in writing from his dictation and be dated and signed by him.

(3) The Court may in its discretion attach to the permission the following among other conditions, namely:—

    (a)    that a sale shall not be completed without the sanction of the Court;

    (b)    that a sale shall be made to the highest bidder by public auction, before the Court or some person specially appointed by the Court for that purpose, at a time and place to be specified by the Court, after such proclamation of the intended sale as the Court, subject to any rules made under this Act by the High Court, directs;

    (c)    that a lease shall not be made in consideration of a premium or shall be made for such term of years and subject to such rents and covenants as the Court directs ;

    (d)    that the whole or any part of the proceeds of the act permitted shall be paid into the Court by the guardian, to be disbursed therefrom or to be invested by the Court on prescribed securities or to be otherwise disposed of as the Court directs.

(4) Before granting permission to a guardian to do an act mentioned in section 29, the Court may cause notice of the application for the permission to be given to any relative or friend of the ward who should, in its opinion, receive notice thereof, and shall hear and record the statement of any person who appears in opposition to the application.

**32. Variation of powers of guardian of property appointed or declared by the Court.** Where a guardian of the property of a ward has been appointed or declared by the Court and such guardian is not the Collector, the Court may, from time to time, by order, define, restrict or extend his powers with respect to the property of the ward in such manner and to such extent as it may consider to be for the advantage of the ward and consistent with the law to which the ward is subject.

**33. Right of guardian so appointed or declared to apply to the Court for opinion in management of property of ward.**—(1) A guardian appointed or declared by the Court may apply by petition to the Court which appointed or declared him for its opinion, advice or direction on any present question respecting the management or administration of the property of his ward.

(2) If the Court considers the question to be proper for summary disposal, it shall cause a copy of the petition to be served on, and the hearing thereof may be attended by, such of the persons interested in the application as the Court thinks tit.

(3) The guardian stating in [1]good faith the facts in the petition and acting upon the opinion, advice or direction given by the Court shall be deemed, so far as regards his own responsibility, to have performed his duty as guardian in the subject matter of the application.

**34. Obligations on guardian of property appointed or declared by the Court.** Where a guardian of the property of a ward has been appointed or declared by the Court and such guardian is not the Collector, he shall,—

(a)     if so required by the Court, give a bond, as nearly as may be in the prescribed form, to the Judge of the Court to ensure for the benefit of the Judge for the time being, with or without sureties, as may be prescribed, engaging duly to account for what he may receive in respect of the property of the ward;

(b)     if so required by the Court, deliver to the Court, within six months from the date of his appointment or declaration by the Court or within such other time as the Court directs, a statement of the immovable property belonging to the ward, of the money and other moveable property which he has received on behalf of the ward up to the date of delivering the statement, and of the debts due on that date to or from the ward;

(c)     if so required by the Court, exhibit his accounts in the Court at such times and in such form as the Court from time to time directs;

(d)     if so required by the Court, pay into the Court at such time as the Court directs the balance due from him on those accounts, or so much thereof as the Court directs; and

(e)     apply for the maintenance, education and advancement of the ward and of such persons as are dependent on him, and for the celebration of ceremonies to which the ward or any of those persons may be a party, such portion of the income of the property of the ward as the Court from time to time directs, and, if the Court so directs, the whole or any part of that property.

---

[1]For definition of 'good faith', see s. 3(20) of the General Clauses Act, 1897 (10 of 1897).

[1][**34A. Power to award remuneration for auditing accounts.**  When accounts are exhibited by a guardian of the property of a ward in pursuance of a requisition made under clause (c) of section 34 or otherwise, the Court may appoint a person to audit the accounts, and may direct that remuneration for the work be paid out of the income of the property.]

**35.  Suit against guardian where administration bond was taken.**  Where  a guardian appointed or declared by the Court has given a bond duly to account for what he may receive in respect of the property of his ward, the Court may, on application made by petition and on being satisfied that the engagement of the bond has not been kept, and upon such terms as to security, or providing that any money received be paid into the Court, or otherwise as the Court thinks fit, assign the bond to some proper person, who shall thereupon be entitled to sue on the bond in his own name as if the bond had been originally given to him instead of to the Judge of the Court and shall be entitled to recover thereon as trustee for the ward, in respect of any breach thereof.

**36. Suit against guardian where administration bond was not taken.**—(1) Where a guardian appointed or declared by the Court has not given a bond as aforesaid, any person, with the leave of the Court, may, as next friend, at any time during the continuance of the minority of the ward, and upon such terms as aforesaid, institute a suit against the guardian, or, in case of his death, against his representative, for an account of what the guardian has received in respect of the property of the ward, and may recover in the suit, as trustee for the ward, such amount as may be found to be payable by the guardian or his representative, as the case may be.

2[*    *    *    *    *    *    *]

**37. General liability of guardian as trustee.** Nothing  in  either  of  the  two  last foregoing sections shall be construed to deprive a ward or his representative of any remedy against  his guardian,  or  the  representative  of  the  guardian,  which,  not  being  expressly provided in either of those sections, any other beneficiary or his representative would have against his trustee or the representative of the trustee.

Termination of Guardianship

**38. Right of survivorship among joint guardians.**  On the death of one of two or more joint guardians, the guardianship continues to the survivor or survivors until a further appointment is made by the Court.

**39. Removal of guardian.**  The Court may, on the application of any person interested, or of its own motion, remove a guardian appointed or declared by the Court, or a guardian appointed by will or other instrument, for any of the following causes, namely:—

      (a)    for abuse of his trust;

      (b)    for continued failure to perform the duties of his trust; (c) for incapacity to perform the duties of his trust;

      (d)    for ill—treatment, or neglect to take proper care, of his ward;

      (e)    for contumacious disregard of any provision of this Act or of any order of the Court;

---

[1]S. 34A ins. by the Guardians and Wards (Amdt.) Act, 1929 (17 of 1929), s. 2.
[2]Omitted by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch.

(f)    for conviction of an offence implying, in the opinion of the Court, a defect of character which unfits him to be the guardian of his ward;

(g)    for having an interest adverse to the faithful performance of his duties;

(h)    for ceasing to reside within the local limits of the jurisdiction of the Court;

(i)    in the case of a guardian of the property, for bankruptcy or insolvency;

(j)    by reason of the guardianship of the guardian ceasing, or being liable to cease, under the law to which the minor is subject:

Provided that a guardian appointed by will or other instrument, whether he has been declared under this Act or not, shall not be removed—

(a)    for the cause mentioned in clause (g) unless the adverse interest accrued after the death of the person who appointed him, or it is shown that that person made and maintained the appointment in ignorance of the existence of the adverse interest, or

(b)    for the cause mentioned in clause (h) unless such guardian has taken up such a residence as, in the opinion of the Court, renders it impracticable for him to discharge the functions of guardian.

**40. Discharge of guardian.**—(1) If a guardian appointed or declared by the Court desires to resign his office, he may apply to the Court to be discharged.

(2) If the Court finds that there is sufficient reason for the application, it shall discharge him, and if the guardian the application is the Collector and the [1][Provincial Government] approves of is applying to be discharged, the Court shall in any case discharge him.

**41. Cessation of authority of guardian.**—(1) The powers of a guardian of the person cease—

(a)    by his death, removal or discharge;

(b)    by the Court of Wards assuming superintendence of the person of the ward;

(c)    by the ward ceasing to be a minor;

(d) in the case of a female ward, by her marriage to a husband who is not unfit to be guardian of her person or, if the guardian was appointed or declared by the Court, by her marriage to a husband who is not, in the opinion of the Court, so unfit; or,

(e) in the case of a ward whose father was unfit to be guardian of the person of the ward, by the father ceasing to be so or, if the father was deemed by the Court to be so unfit, by his ceasing to be so in the opinion of the Court.

(2) The powers of a guardian of the property cease—

(a)    by his death, removal or discharge;

---

[1]Subs. by A.O., 1937, for "L. G.".

(b)    by the Court of Wards assuming superintendence of the property of the ward; or

(c)    by the ward ceasing to be a minor.

(3) When for any cause the powers of a guardian cease, the Court may require him or, if he is dead, his representative to deliver as it directs any property in his possession or control belonging to the ward or any accounts in his possession or control relating to any past or present property of the ward.

(4) When he has delivered the property or accounts as required by the Court, the Court may declare him to be discharged from his liabilities save as regards any fraud which may subsequently be discovered.

**42. Appointment of successor to guardian dead, discharged or removed.** When a guardian appointed or declared by the Court is discharged, or, under the law to which the ward is subject, ceases to be entitled to act, or when any such guardian or a guardian appointed by will or other instrument is removed or dies, the Court, of its own motion or on application under Chapter II, may, if the ward is still a minor, appoint or declare another guardian of his person or property, or both, as the case may be.

## CHAPTER IV
## SUPPLEMENTAL PROVISIONS

**43. Orders for regulating conduct or proceedings of guardians, and enforcement of those orders.**—(1) The Court may, on the application of any person interested or of its own motion, make an order regulating the conduct or proceedings of any guardian appointed or declared by the Court.

(2) Where there are more guardians than one of a ward, and they are unable to agree upon a question affecting his welfare, any of them may apply to the Court for its direction, and the Court may make such order respecting the matter in difference as it thinks fit.

(3) Except where it appears that the object of making an order under sub-section (1) or sub-section (2) would be defeated by the delay, the Court shall, before making the order, direct notice of the application therefor or of the intention of the Court to make it, as the case may be, to be given, in a case under sub-section (1), to the guardian or, in a case under sub-section (2), to the guardian who has not made the application.

(4) In case of disobedience to an order made under sub-section (1) or sub-section (2), the order may be enforced in the same manner as an injunction granted under [1][rules 1 and 2 of order

XXXIX of the First Schedule to the Code of Civil Procedure, 1908] (Act V of 1908) in a case under sub-section (1), as if the ward were the plaintiff and the guardian were the defendant or, in a case under sub-section (2), as if the guardian who made the application were the plaintiff and the other guardian were the defendant.

(5) Except in a case under sub-section (2), nothing in this section shall apply to a Collector who is, as such, a guardian.

---

[1]Subs. by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch., for certain words.

**44. Penalty for removal of ward from jurisdiction.—** If, for the purpose or with the effect of preventing the Court from exercising its authority with respect to award, a guardian appointed or declared by the Court removes the ward from the limits of the jurisdiction of the Court in contravention of the provisions of section 26, he shall be liable, by order of the Court, to fine not exceeding one thousand rupees, or to imprisonment in the civil jail for a term which may extend to six months.

**45. Penalty for contumacy.—**(1) In the following cases, namely:—

    (a)    if a person having the custody of a minor fails to produce him or cause him to be produced in compliance with a direction under section 12, sub—section (1), or to do his utmost to compel the minor to return to the custody of his guardian in obedience to an order under section 25, sub—section (1), or

    (b)    if a guardian appointed or declared by the Court fails to deliver to the Court, within the time allowed by or under clause (b) of section 34, a statement required under that clause, or to exhibit accounts in compliance with a requisition under clause (c) of that section, or to pay into the Court the balance due from him on those accounts in compliance with a requisition under clause (d) of that section, or

    (c)    if a person who has ceased to be a guardian, or the representative of such a person, fails to deliver any property or accounts in compliance with a requisition under section 41, sub-section (3),

the person, guardian or representative, as the case may be, shall be liable, by order of the Court, to fine not exceeding one hundred rupees, and in case of recusancy to further fine not exceeding ten rupees for each day after the first during which the default continues, and not exceeding five hundred rupees in the aggregate, and to detention in the civil jail until he undertakes to produce the minor or cause him to be produced, or to compel his return, or to deliver the statement or to exhibit the accounts, or to pay the balance, or to deliver the property or accounts, as the case may be.

(2) If a person who has been released from detention on giving an undertaking under sub-section (1) fails to carry out the undertaking within the time allowed by the Court, the Court may cause him to be arrested and re-committed to the civil jail.

**46. Reports by Collectors and Subordinate Courts.—**(1) The Court may call upon the Collector, or upon any Court subordinate to the Court, for a report on any matter arising in any proceeding under this Act and treat the report as evidence.

(2) For the purpose of preparing the report the Collector or the Judge of the Subordinate Court, as the case may be, shall make such inquiry as he deems necessary, and may for the purposes of the inquiry exercise any power of compelling the attendance of a witness to give evidence or produce a document which is conferred on a Court by the 1[Code of Civil Procedure, 1908] (Act V of 1908).

**47. Orders appealable.** An appeal shall lie to the High Court from an order made by a 2* Court,—

---

1. Subs. by the Federal Laws (Revision and Declaration) Ordianance, 1981 (27 of 1981, s. 3 and 2nd Sch., for "Code of Civil Procedure".
2. The word "District" rep. by s. 4 of the Guardians and Wards (Amdt.) Act, 1926 (4 of 1926).

(a)     under section 7, appointing or declaring or refusing to appoint or declare a guardian; or

(b)     under section 9, sub-section (3), returning an application ; or,

(c)     under section 25, making or refusing to make an order for the return of a ward to the custody of his guardian; or,

(d)     under section 26, refusing leave for the removal of a ward from the limits of the jurisdiction of the Court, or imposing conditions with respect thereto; or,

(e)     under section 28 or section 29, refusing permission to a guardian to do an act referred to in the section; or,

(f)     under section 32, defining, restricting or extending the powers of a guardian; or, (g) under section 39, removing a guardian; or,

(h)     under section 40, refusing to discharge a guardian; or,

(i)     under section 43 regulating the conduct or proceedings of a guardian or settling a matter in difference between joint guardians, or enforcing the order; or,

(j)     under section 44 or section 45, imposing a penalty [3][:]

[3][provided that, where the order from which an appeal is preferred is passed by an officer subordinate to a District Court, the appeal shall lie to the District Court.]

**48. Finality of other orders.** Save as provided by the last foregoing section and b [4][section 115 of the Code of Civil Procedure, 1908] (Act V of 1908) an order made under the Act shall be final and shall not be liable to be contested by suit or otherwise.

**49. Costs.** The costs of any proceeding under this Act, including the costs of maintaining a guardian or other person in the civil jail, shall, subject to any rules made by the High Court under this Act, be in the discretion of the Court in which the proceeding is had.

**50. Power of High Court to make rules.**—(1) In addition to any other power to make rules conferred expressly or impliedly by this Act, the High Court may from time to time make rules consistent with this Act—

(a)     as to the matters respecting which, and the time at which, reports should be called for from Collectors and Subordinate Courts ;

(b)     as to the allowances to be granted to, and the security to be required from, guardians, and the cases in which such allowances should be granted;

(c)     as to the procedure to be followed with respect to applications of guardians  for permission to do acts referred to in sections 28 and 29 ;

---

[1]Subs. by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and 2nd Sch., for "Code of Civil Procedure".
[2]The word "District" rep. by s. 4 of the Guardians and Wards (Amdt.) Act, 1926 (4 of 1926).
[3]Subs. and added by the Guardians and Wards (Amdt.) Ordinance, 1980 (11 of 1980), s. 2.
[4]Subs. by the Federal Laws (Revision and Declaration) Ordinance, 1981, (27 of 1981), s. 3 and 2nd Sch., for "section 622 of the Code of Civil Procedure".

(d)    as to the circumstances in which such requisitions as are mentioned in clauses (a), (b), (c) and (d) of section 34 should be made;

(e)    as to the preservation of statements and accounts delivered and exhibited by guardians;

(f)    as to the inspection of those statements and accounts by persons interested;

[1][(ff)    as to the audit of accounts under section 34A, the class of persons who should be appointed to audit accounts, and the scales of remuneration to be granted to them;]

(g)    as to the custody of money, and securities for money, belonging to wards;

(h)    as to the securities on which money belonging to wards may be invested;

(i)    as to the education of wards for whom guardians, not being Collectors, have been appointed or declared by the Court; and,

(j)    generally, for the guidance of the Courts in carrying out the purposes of this Act.

(2) Rules under clauses (a) and (i) of sub-section (1) shall not have effect until they have been approved by the [2][provincial Government], nor shall any rule under this section have effect until it has been published in the official Gazette.

**51.** [Applicability of Act to guardians already appointed by Court.] Omitted by the Federal Laws (Revision and Declaration) Ordinance, 1981 (27 of 1981), s. 3 and Sch. II.

**52.** [Amendment of Indian Majority Act.] Rep. by the Repealing Act, 1938 (I of 1938), s. 2 and Schedule.

**53.** [Amendment of Chapter XXXI of the Code of Civil Procedure.] Rep. by the Code of Civil Procedure, 1908 (V of 1908), s. 156 and Schedule V.

THE SCHEDULE.—[ENACTMENTS REPEALED.] Rep. by the Repealing Act, 1938 (I of 1938), s. 2 and Schedule.

---

[1]Clause (ff) ins. by the Guardians and Wards (Amdt.) Act, 1929 (17 of 1929), s. 3.
[2]Subs. by A.O., 1937, for "L. G."